IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation<br><br>Plaintiff,<br><br>v.<br><br>MK WEEDEN CONSTRUCTION, INC., a Montana corporation; MK EQUIPMENT CO., LLC, a Montana limited liability company; WEEDEN CONSTRUCTION, LLC, a Montana limited liability company; MONTE K. WEEDEN, individually, and JULIE A. WEEDEN, individually<br><br>Defendants. | CV 24-112-BLG-SPW<br><br>ORDER |

After the Court issued judgment on April 17, 2025, Defendants MK Weeden Construction, Inc., MK Equipment Co., LLC, Weeden Construction, LLC, and Julie A. Weeden (collectively, the "Defendants")[1] timely filed a Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 44). Plaintiff Employers Mutual Casualty Company ("EMC") opposes the motion. (Doc. 45).

---

[1] Plaintiff has agreed to settle with all Defendants except Monte K. Weeden, individually. Therefore, this Order addresses Judgment as to all Defendants, except Mr. Weeden. The instant case is stayed as to Mr. Weeden while his bankruptcy proceedings are pending. (Doc. 37).

1

The motion is fully briefed and ripe for the Court's review. (*See* Doc. 46). For the following reasons, the Court grants the Defendants' Motion.

I.  **Background**

On April 5, 2025, this Court entered an Order and Judgment (Doc. 41) after the parties filed a Stipulated Motion for Confession of Judgment (Doc. 39). In the Order and Judgment, the Court granted attorneys' fees and costs to EMC and required EMC to verify the amount by filing an Unopposed Motion for Attorneys' Fees and Costs (the "Fees Motion"). (Doc. 41 at 2). The Court directed entry of final judgment as to all claims against Defendants except for Monte Weeden. (*Id.* at 3).

On April 16, EMC timely filed the Fees Motion. (Doc. 42). As ordered, EMC placed the word "unopposed" in the Motion's title. EMC included a "certificate of conferral" representing that (1) counsel conferral was unnecessary because the Court required the parties to file an "unopposed" motion and (2) regardless, EMC's counsel conferred with Defendants' counsel regarding the proposed fees. (*Id.* at 2). According to EMC, Defendants' counsel was "unable to provide their position [regarding the fees] prior to review of the 'time and description of services.'" (*Id.*). The Fees Motion included no other information as to Defendants' counsel's position. Ultimately, the Court granted the Fees Motion and awarded attorneys' fees in the amount of $144,968.50 to EMC. (Doc. 43 at 2). Now, the parties dispute the fees.

Specifically, the Defendants object to $1991 in fees, which Defendants allege EMC incurred during Monte Weeden's bankruptcy proceedings. The Defendants further allege that EMC misrepresented the Fees Motion as "unopposed" when it was not. (Doc. 44 at 3). The Defendants state that EMC "knew that [they were] not prepared to consent because its counsel did not have the time and billing records documenting the requested attorneys' fees and costs [.]" (Doc. 42 at 2). Thus, Defendants seek to amend the judgment and reduce attorneys' fees by $1991. The Defendants further seek an award of $1350 for bringing the instant motion due to EMC's factual misrepresentation to the Court.

EMC disagrees that it "misstyled" the Fees Motion as "unopposed" because it made the filing pursuant to the parties' Settlement Agreement and as a courtesy, provided an "accurate representation of the status of conferral between the parties." (Doc. 45 at 4–7). As to the Defendants' $1991 objection, EMC argues it is entitled to those fees pursuant to the parties' written indemnity agreement, the Settlement Agreement, and relevant caselaw.

## II. Legal Standard

A Rule 59(e) motion to amend the judgment may be granted only if "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an

intervening change in controlling law." *Turner v. Burlington N. Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (cleaned up). Even if one of these conditions is present, the district court has considerable discretion to deny the motion. *See id.* Defendants argue their motion under the first condition—manifest errors of fact.

### III. Discussion

#### A. EMC's Representation to the Court

As a threshold matter, the Court finds that EMC did not accurately represent the parties' stipulation to the Fees Motion when it titled the Motion "unopposed." Consequently, the final judgment was based on a manifest error of fact. Further, the misrepresentation is exacerbated by the fact that EMC's counsel failed to provide Defendants' counsel with detailed billing descriptions prior to filing.

Though the Court ordered the parties to file an unopposed motion, it was not the Court's intention for the parties to disregard the purpose and underlying principles of filing a motion unopposed.

An unopposed motion expedites judicial efficiency and promotes judicial economy by allowing the Court to consider an agreed upon issue without argument or delay. It encourages conferral, stipulation, and resolution between the parties. Absent a clerical mistake, the process is for naught when a party misrepresents opposition, even in the title of the motion.

If there are issues in stipulating to an unopposed motion—as it appears there was here—either counsel could have filed a motion to extend the deadline to resolve the issues before filing with the Court. This was not done here.

Consequently, the Court is compelled to reconsider the attorneys' fees award due to Defendants' representations that (1) they opposed the Fees Motion at the time of filing and (2) they did not receive EMC's billing descriptions before EMC filed the Fees Motion.

### B.  *Defendants' Objection to the Judgment*

Turning to the merits of the parties' arguments, the Court considers whether Defendants should bear the cost of the $1991 bill for EMC's work on Monte Weeden's Adversary Proceeding (or, the "Proceeding") in bankruptcy court.

On November 17, 2020, the Defendants, including Mr. Weeden, entered into a General Application and Agreement of Indemnity (the "GAI") with EMC for surety bonds. On August 22, 2024, EMC filed a Complaint alleging multiple counts including breach of contract and indemnification under the GAI.  (Doc. 1). Eventually, EMC agreed to settle with Defendants while Mr. Weeden, individually, filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. (Docs. 28, 40).

On December 23, 2024, EMC brought an Adversary Proceeding in bankruptcy court against Mr. Weeden, objecting to his debt discharge owed to EMC.

(Case No. 4:24-ap-04005-BPH (Doc. 1)). When EMC sought to recover attorneys' fees from Defendants in this case, EMC included fees incurred from the Adversary Proceeding against Mr. Weeden.

The parties agree that EMC may collect fees incurred from the Adversary Proceeding. However, the Defendants argue that EMC may collect once the Proceeding is adjudicated and one of the parties prevails. In opposition, EMC argues it is presently entitled to the fees because Defendants are contractually obligated to pay attorney's fees pursuant to a default provision under the GAI.

The parties separately rely on the holding in *Travelers Casualty and Surety Company of American v. Pacific Gas and Electric Company*, 549 U.S. 443 (2007), to support their positions. In *Travelers*, the Supreme Court held that a creditor is not precluded from seeking contract-based attorney's fees even if those fees were incurred during bankruptcy proceedings. *Id.* at 445. Thus, the Court agrees with the parties that EMC may seek to recover attorneys' fees under the GAI even though they were incurred during the Adversary Proceeding. However, the Court must determine when EMC may seek to recover the attorneys' fees incurred in the Adversary Proceeding.

The Supreme Court has "long recognized that the 'basic federal rule in bankruptcy is that state law governs the substance of claims." *Id.* at 450 (internal quotations omitted). "[W]hen the Bankruptcy Code uses the word 'claim' . . . it is

usually referring to a right to payment recognized under state law." *Id.* at 451. It follows then, that the Court turn to state law to determine how attorney's fees are awarded for a contractual claim.

In Montana, contractual rights to attorney fees are reciprocal. Mont. Code Ann. § 28-3-704. This means that either party can recover fees from a contract action depending on who prevails and regardless of whether the contract contains a unilateral fee provision. Montana's reciprocal fee statute entitles the prevailing party in "any action on the contract" "to recover reasonable attorney fees from the losing party." *Id.*; *In re Shoot The Moon, LLC*, 635 B.R. 797, 833 (Bankr. Mont. 2021). In other words, there must be a winner.

The Court agrees with Defendants that attorneys' fees as to the unsettled Adversary Claim may not be awarded until either EMC or Mr. Weeden prevails on the claims. This conclusion respects both the *Travelers* decision and Montana law. It is further supported by the GAI. Under the GAI, EMC is authorized to settle with one or more of the Defendants and Mr. Weeden. (Doc. 45-1 at 4). "[S]uch settlement or composition shall not affect the liability of any other parties." (Doc. 45-1 at 4). Under this provision, EMC may hold Mr. Weeden accountable under the GAI even though it is settling with the Defendants. However, under Montana law, it cannot seek to recover fees for the Adversary Proceeding until there is a prevailing party.

7

Furthermore, the Court agrees with Defendants that EMC may only recover "*reasonable* attorney's fees" pursuant to the GAI and Montana law. (Doc. 45-1 at 2). Using the lodestar method, Montana courts have identified seven guiding factors to determine the number of hours counsel reasonably expended when calculating attorney's fees. *Gendron v. Mont. Univ. Sys.*, 461 P.3d 115, 119–20 (Mont. 2020). Among those factors include "the results secured by the services of the attorneys." *Id.* The results, a final determination, and a prevailing party as to the Adversary Proceeding have yet to be determined.

Therefore, in the interest of awarding reasonable attorneys' fees to EMC in the instant case against Defendants, EMC may not seek fees incurred from litigating the Adversary Proceeding. EMC may eventually choose to seek those fees against Mr. Weeden pursuant to the GAI, but only if it prevails.

C.   *Defendants' Request for Attorney's Fees*

The Defendants request that the Court award them attorney's fees incurred in bringing the Motion to Amend Judgment. Defendants seek $1350. The Defendants cite no legal grounds warranting this award and thus, the Court will not award the fees sought.

///

///

///

## IV. Conclusion

IT IS ORDERED that the Defendants' Motion to Amend Judgment (Doc. 44) is GRANTED.

IT IS FURTHER ORDERED that EMC shall file a Proposed Second Amended Judgment within 14 days of this Order reflecting a $1991 reduction in attorneys' fees.

DATED this 20th day of May, 2025.

SUSAN P. WATTERS
United States District Judge